IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Waycross Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By bgary at 3:51 pm, Jan 14, 2014

| | |
|---|---|
| IN RE: JENNIFER LYNN REED )<br>)<br>Debtor )<br>_____ )<br>JONATHAN REED )<br>)<br>Objecting Creditor )<br>)<br>vs. )<br>)<br>JENNIFER LYNN REED )<br>)<br>Debtor Respondent ) | CHAPTER 13 CASE<br>NUMBER <u>08-50593</u> |

## OPINION AND ORDER CLOSING CASE WITHOUT DISCHARGE AND IMPOSING CONDITIONAL FILING BAR

This matter came on for hearing on the objection by Debtor Jennifer Lynn Reed's ex-husband, Jonathan Reed, to Jennifer's chapter 13 discharge ("Objection"), based on Jennifer's failure to keep current on her postpetition child support obligation and on her false certification that she was current at the completion of her chapter 13 plan.[1] The Objection is sustained and the case is closed without discharge. Further, Jennifer is barred from filing any future bankruptcy case unless she submits with her petition an affidavit signed under oath that this child support obligation and any other domestic support

---

[1] For clarity, this Order refers to the parties by first name.

obligation she may owe are paid current as of the date of the new petition.

### FINDINGS OF FACT

The facts here are not in dispute. Jennifer and Jonathan are divorced. Under the divorce decree entered in June 2007, Jonathan was granted primary physical custody of the couple's two children, then ages four and five, and Jennifer was ordered to pay child support of $43 per week.

Approximately one year later, Jennifer was already behind on her child support payments. In July 2008, she filed this bankruptcy case and paid the $2150 arrearage through the chapter 13 plan, completing her plan payments in April 2013.

Jennifer did not, however, keep current on her ongoing obligation during the pendency of this case. The issue came to the fore just weeks after Jennifer filed her petition, when Jonathan filed an objection to confirmation alleging a postpetition arrearage of $215. The objection was resolved, however, and the plan was confirmed.

On May 15, 2013, after making all plan payments required to complete her case, Jennifer filed a certification under penalty of perjury that her child support obligation was paid current as of that date. In fact, however, Jennifer was thousands of dollars in arrears.

2

On June 13, 2013, Jonathan filed the Objection that is before me now, alleging a $6837 arrearage and requesting denial of discharge and "such other and further relief as the Court deems necessary and proper." (ECF No. 47.) A hearing was set for July, but was continued to October on Jennifer's agreement to bring her payments current within 90 days. As of the date of the continued hearing, Jennifer was still $6800 behind.

## CONCLUSIONS OF LAW

Jennifer will not receive a discharge in this case. As a condition of discharge under chapter 13, a debtor who is required by order or statute to pay a domestic support obligation must certify that all amounts due on or before the date of the certification have been paid. 11 U.S.C. § 1328(a). There is no dispute that Jennifer's child support obligation is a domestic support obligation as defined in the Bankruptcy Code. See 11 U.S.C. § 101(14A). There also is no dispute that Jennifer did not pay all amounts due on or before the date of her certification and still has not paid those amounts.

The only question remaining is under what conditions Jennifer will be allowed to file another case after having made a false certification under penalty of perjury—that is, after having lied. Jennifer's lawyer argues that she should be allowed to re-file and include the child support arrearage in the new

3

case because she "needs the protection of bankruptcy to be able to cure the . . . arrearage without more strain being put on her and her family by having creditors harassing them too." (Br. 2, ECF No. 53.)

But the protection of bankruptcy is intended only for the "honest but unfortunate debtor." See Grogan v. Garner, 498 U.S. 279, 286-87 (1991). Jennifer is not that debtor. At the hearing, her lawyer said that Jennifer "misunderstood" the certification; that statement is not credible. Moreover, her false certification may be grounds for criminal prosecution for "knowingly and fraudulently mak[ing] a false oath or account in or in relation to" a bankruptcy case. See 18 U.S.C. § 152(3).

Further, Jennifer's failure to keep current on child support payments is not a recent development; it has been chronic. The facts show that from the entry of the order requiring her to pay child support nearly seven years ago, Jennifer has been in arrears more often than not.

The bankruptcy court has the equitable power to sua sponte "tak[e] any action or mak[e] any determination necessary or appropriate to . . . prevent an abuse of process." Id. Here, a conditional filing bar is necessary to prevent Jennifer from using a new bankruptcy case to continue evading her child support obligation, thereby abusing the bankruptcy process.

**ORDER**

**IT IS THEREFORE ORDERED** that the Objection to Discharge by Jonathan Reed is **SUSTAINED**; and

**FURTHER ORDERED** that the Clerk of Court close this chapter 13 case without entry of a discharge; and

**FURTHER ORDERED** that Jennifer Lynn Reed is barred from filing any future bankruptcy case unless she submits with her petition an affidavit signed under oath that her child support obligation under the Final Judgment and Decree of Divorce, filed June 1, 2007, in the Superior Court of Coffee County, Georgia, and any other domestic support obligation, if any, are paid current as of the date of the new petition.

```
                              _____
                              JOHN S. DALIS
                              United States Bankruptcy Judge
```

Dated at Brunswick, Georgia,
this 14 day of January, 2014.